**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| DESHAUN JONES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 2:25-cv-02699-TLP-atc |
| v. | ) | |
| | ) | |
| WARDEN HARRISON, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING § 2241 PETITION WITH PREJUDICE, CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Petitioner Deshaun Jones[1] petitioned pro se under 28 U.S.C. § 2241. (ECF No. 1.) Respondent Warden Harrison moved to dismiss and filed a Notice of Correction. (*See* ECF Nos. 13–14.) Petitioner did not file a reply.

**BACKGROUND**

In 2024, in the United States District Court for the Northern District of Texas, Petitioner pleaded guilty to conspiracy to possess with the intent to distribute a controlled substance (fentanyl), in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C). (*See United States v. Jones*, No. 4:24-CR-00055-P(01) (N.D. Tex.), ECF Nos. 25, 46). The district court sentenced Petitioner to 57 months in prison. (*Id.*, ECF No. 46.) The sentencing court recommended that

[1] Petitioner is incarcerated at the Federal Correctional Institution in Memphis, Tennessee. His Federal Bureau of Prisons ("BOP") register number is 97863-510. (*See* ECF No. 1 at PageID 1.)

Petitioner be allowed to participate in the BOP's Residential Drug Abuse Program ("RDAP"). (*Id.*)

Under 18 U.S.C. § 3621(e), the BOP *may*, after a prisoner's successful completion of a residential substance abuse treatment program, reduce the sentence of a prisoner convicted of a nonviolent offense for a period not to exceed one year. *See* 18 U.S.C. § 3621(e)(2)(B). In 2025, the BOP completed Petitioner's offense review to determine his eligibility for early release under 18 U.S.C. § 3621(e). (ECF No. 13 at PageID 51.) The BOP concluded that Petitioner was ineligible for early release under 28 C.F.R. § 550.55(b)(5)(ii) because his offense includes a two-point "specific offense characteristic" sentencing enhancement for possession of a dangerous weapon (including a firearm) and involved "the carrying, possession or use of a firearm or other dangerous weapon." (*Id.* at PageID 51–52;) *see* 28 C.F.R. § 550.55(b)(5)(ii) (as "an exercise of the [BOP] Director's discretion," inmates with a felony for "an offense that involved carrying, possession, or use of a firearm or other dangerous weapon" are ineligible for early release). Petitioner's projected release date, assuming that he earns all remaining Good Conduct Time credit, is October 9, 2027. (ECF No. 13 at PageID 48.)

**<u>THE PETITION</u>**

Petitioner challenges the BOP's determination that he is ineligible for early release for RDAP completion because of a two-level "gun enhancement." (ECF No. 1 at PageID 6.) He alleges that BOP Program Statement 5162.05 "Categorization of Offenses"[2] is outdated and does

---

[2] BOP Program Statement 5162.05 states as follows.

> This particular "Specific Offense Characteristic" (possession of a dangerous weapon during the commission of a drug offense) poses a serious potential risk that force may be used against persons or property. Specifically, as noted in the U.S. Sentencing Guidelines § 2D1.1., application note 3, the enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons. Accordingly, an inmate who was convicted of manufacturing drugs, (21

not mention "gun enhancement ineligibility." (*Id.*) Petitioner argues that the BOP has misapplied 18 U.S.C. § 3621 about nonviolent offenses. (*Id.*) He asserts that he is "fighting an 'official policy' of the BOP" and "[w]hen the issue [in]volves 'statutory construction'[,] there is no need for exhaustion of remedies." (*See id*. at PageID 2, 9–11.) Petitioner contends that a challenge to the BOP's authority to include sentencing factors in its regulatory definition of a nonviolent offense under § 3621 is not precluded from judicial review by 18 U.S.C. § 3625. (*See id*. at PageID 12–16.) He requests that the Court order the BOP to award him one-year off his sentence for successful completion of RDAP under 18 U.S.C. § 3621(e) because a sentencing enhancement is a "nonviolent" offense. (*Id.* at PageID 7, 26.)[3]

Respondent makes three arguments in response. (ECF No. 13 at PageID 47–48.) First, he argues that Petitioner has failed to exhaust administrative remedies and has not shown that exhaustion would be futile. Next, he contends that the Court lacks subject matter jurisdiction over the BOP's discretionary determination denying a sentence reduction under 18 U.S.C. § 3621(e). And lastly, he argues that Petitioner fails to state a claim because the denial of a

> U.S.C. § 841) and received a two-level enhancement for possession of a firearm has been convicted of an offense that will preclude the inmate from receiving certain Bureau program benefits.

*See* https://www.bop.gov/policy/progstat/5162_005.pdf (last accessed June 4, 2026). The Court notes that BOP updated Program Statement 5162.05 on March 16, 2026, replacing it with BOP Program Statement 5162.06. *See Categorization of Offenses*, Federal Bureau of Prisons, https://www.bop.gov/policy/progstat/5162_006-1.pdf (last accessed June 4, 2026). The quoted language remains largely the same in Program Statement 5162.06, and the amendment does not change this Court's analysis.

[3] Petitioner also asks that the Court require the BOP to update Program Statement 5162.05 with regard to a conviction under 18 U.S.C. § 922(g) and kidnapping being a crime of violence. (ECF No. 1 at PageID 26.) Petitioner's conviction does not involve § 922(g) or kidnapping, and this request is irrelevant to the circumstances of his sentence or incarceration. For these reasons, the Court shall not further consider this request for relief.

sentence reduction was appropriate and because *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024), does not change the result.

## ANALYSIS

### I. Jurisdiction

Under § 2241, this Court may issue writs of habeas corpus on behalf of prisoners who are "in custody in violation of the Constitution or laws or treaties of the United States." According to 18 U.S.C. § 3625, Sections 701 through 706 of the Administrative Procedure Act ("APA"), which govern judicial review of agency action, "do not apply to the making of any determination, decision, or order under this subchapter" including decisions based on § 3621(e). *See Rea v. Sniezek*, No. 4:06-cv-2424, 2007 WL 427038, *3 (N.D. Ohio Feb. 2, 2007).

Respondent argues that judicial review under the APA applies only if review is not precluded by another statute or if the agency has not been granted discretion. (ECF No. 13 at PageID 54.) He asserts that Congress has specifically provided that, under 18 U.S.C. § 3625, the APA is not applicable to § 3621(e), which includes the BOP's discretionary authority to decide whether to give credit for RDAP. (*Id.* at PageID 55.) Respondent notes that courts within the Sixth Circuit have held that they lack jurisdiction. (*Id.* at PageID 55.)

For example, he cites *Fuller v. Shartle*, No. 12-3417, 2013 WL 12476745, at *1 (6th Cir. 2013), and other cases that acknowledge the BOP's discretionary authority but do not specifically address subject matter jurisdiction over RDAP release eligibility in the context of a § 2241 or dismiss the claims based on lack of subject matter jurisdiction. *See Heard v. Quintana*, 184 F.Supp.3d 515, 518–20 (determining that Heard had no procedural or substantive due process claim); *United States v. Stewart*, No. 5:01-CR-38, 2022 WL 5212859 (E.D. Ky. Oct. 5, 2022) (denying a criminal motion to reduce sentence). One of the cases Respondent cited

acknowledges that a district court has jurisdiction to review an RDAP claim when the petitioner asserts that the respondent has acted "beyond the scope of discretion granted by Congress." *See Rea*, 2007 WL 427038, at *3.

The Court has jurisdiction here because Petitioner challenges not just his individual determination of early release eligibility, but also, the BOP's rulemaking as to whether consideration of the specific offense characteristic exceeds the statutory definition of a nonviolent offense. *See Moreno v. Ives*, 842 F. App'x 18, 20 (9th Cir. 2020) (holding that categorical challenges to how BOP interprets its own regulations are reviewable); *Harrison v. Lamanna*, 19 F. App'x 342 (6th Cir. 2001) (addressing whether the BOP exceeded authority with a categorical exclusion of certain inmates). Petitioner properly brings his challenge under § 2241. *See Sesi v. U.S. Bureau of Prisons*, No. 99-2243, 2000 WL 1827950, at *2 (6th Cir. Dec. 7, 2000) (due process claim); *Harrison v. Lamanna*, No. 4:99CV2901, 2000 WL 381950, at *2 (N.D. Ohio Apr. 14, 2000) ("[a] district court has jurisdiction over a federal prisoner's habeas corpus petition challenging the determination by the Bureau of Prisons that he or she is ineligible for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B)"); *Aguilera v. Fed. Bureau of Prisons*, No. 4:13 CV 513, 2013 WL 5676324, at *4 (N.D. Ohio Oct. 17, 2013) ("district courts in the Sixth Circuit have allowed petitioners to challenge their ineligibility from RDAPs through a § 2241 petition"). For these reasons, Respondent's argument that the Court lacks jurisdiction fails.

## II Exhaustion of Administrative Remedies

Respondent attaches the declaration of Alice Castillo, a paralegal specialist assigned to the BOP's Designation and Sentence Computation Center. (ECF No. 13-1.) Castillo asserts that Petitioner has "not filed any administrative remedy requests while he has been in BOP custody." (*Id.* at PageID 63.)

Petitioner counters that exhaustion would be futile because the Petition addresses an official BOP policy and a matter of statutory construction. (ECF No. 1 at PageID 2–3, 9–11.) He argues that the "mandatory nature of the BOP's consistent stance on this issue shows that attempting to receive relief through administrative remedies is futile and warrants excusing any exhaustion requirements." (*Id.* at PageID 11.)

The BOP established a three-tiered Administrative Remedy Program by which an inmate may progressively redress grievances at the institutional, Regional, and Central Office (national) levels.[4] *See* 28 C.F.R. § 542.10 *et seq.* Although § 2241 does not contain an express statutory exhaustion requirement, federal inmates must generally exhaust all administrative remedies available before filing a § 2241 petition. *See Little v. Hopkins*, 638 F.2d 953, 953–54 (6th Cir. 1981) ("It is well established that federal prisoners complaining of events or conditions relating to their custody must exhaust their administrative remedies before habeas relief may be granted."); *Sesi*, 2000 WL 1827950, at *2 (finding dismissal proper where petitioner failed to exhaust claim about expulsion from RDAP program).

Courts may excuse a prisoner's failure to exhaust administrative remedies "where pursuing such remedies would be futile or unable to afford the petitioner the relief he seeks." *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 236 (6th Cir. 2006). Courts have considered administrative remedies futile when the agency has shown a strong position on the issue with an

[4] Under the BOP's tiered process, an inmate must first try to resolve his matter of concern informally with prison staff. 28 C.F.R. § 542.13(a). If informal resolution is unsuccessful, the inmate may file a formal written Administrative Remedy Request with the facility's warden within 20 days of the incident sparking the request. 28 C.F.R. § 542.14(a). If the inmate is dissatisfied with the warden's response, he may appeal to the regional director within 20 days of the date the warden signed the response. 28 C.F.R. § 542.15(a). If the prisoner is not satisfied with the regional director's response, he may submit an appeal to the BOP's general counsel within 30 days of the regional director's signed response. *Id.* This appeal is the final level of administrative review. *Id.*

unwillingness to reconsider. *See Aguilera v. Fed. Bureau of Prisons*, No. 4:13 CV 513, 2013 WL 5676324, at *4 (N.D. Ohio Oct. 17, 2013); *Weaver v. Fed. Bureau of* Prisons, No. 4:07 CV 1690, 2007 WL 2286306, at *2 (N.D. Ohio 2007); *Modeste v. Birkholz*, 809 F. Supp. 3d 891, 899 (D. Alaska 2025) (waiving the exhaustion requirement as futile because the "BOP has adopted a policy position that is categorically inconsistent with Petitioner's requested relief"). Given that the BOP Program Statement 5162.05 and 28 C.F.R. § 550.55 both apply a policy inconsistent with Petitioner's argument, the Court finds that exhaustion would be futile and turns to the merits of the petition.

## III. The RDAP Determination

Congress has delegated authority to the BOP to implement drug-abuse treatment programs such as RDAP. 18 U.S.C. § 3621(e). "Congress has provided, in 18 U.S.C. § 3621(e)(2)(B), that the [BOP] *may* reduce by up to one year the prison term of an inmate convicted of a nonviolent felony, if the prisoner successfully completes a substance abuse program." *Lopez v. Davis*, 531 U.S. 230, 232 (2001) (emphasis added); *see United States v. Smith*, No. 23-5519, 2024 WL 1007115, at *5, *7 (6th Cir. Mar. 8, 2024) (the BOP has the "authority to approve or deny [RDAP] enrollment" and is not "obligated" to reduce the sentence).

The Supreme Court in *Lopez* addressed the RDAP early release eligibility of Mr. Lopez, an inmate convicted of possession with the intent to distribute methamphetamine, whose sentence had been enhanced by two levels because of possession of a firearm. 531 U.S. at 236. The Court held that the BOP has the discretion to "reasonably conclude that an inmate's prior involvement with firearms, in connection with the commission of a felony, suggests his readiness

to resort to life-endangering violence and therefore appropriately determines the early release decision." *Id.* at 244.

Under the BOP's discretionary authority, it declared ineligible for early release any inmate with a conviction for an offense that involved the "carrying, possession, or use of a firearm." *See* 28 C.F.R. § 550.55(b)(5)(ii) (declaring ineligible inmates). Consistent with that regulation, BOP Program Statement 5162.05, Section 4(b), precludes from early release eligibility inmates with the particular "Specific Offense Characteristic" of possession of a dangerous weapon during the commission of a drug offense. *See* https://www.bop.gov/policy/progstat/5162_005.pdf, p. 10 (last accessed June 4, 2026); *accord Categorization of Offenses*, Federal Bureau of Prisons, https://www.bop.gov/policy/progstat/5162_006-1.pdf, p. 9–11 (last accessed June 4, 2026). Petitioner fits within the category of inmates precluded from early release eligibility.

Petitioner argues that *Lopez* "no longer matters" because in *Loper Bright*, the Supreme Court has "said 'so long Chevron.'" (ECF No. 1 at PageID 16.) *See Chevron U.S.A., Inc. v. Natural Resources Defense Council*, *Inc.*, 467 U.S. 837 (1984). He asserts that it is the Court's responsibility to decide what the law is. (*Id.*)

But *Loper Bright* does not change the analysis. *Loper Bright* stated explicitly that its decision did not cast doubt on prior decisions that relied on the *Chevron* framework and that those decisions remain good law under the doctrine of stare decisis. *See Loper Bright Enters*., 603 U.S. at 412. Thus, this Court must follow the analysis in *Lopez* and the Sixth Circuit opinions applying it. *See Lowmaster v. Dir., Bureau of Prisons*, No. 24-3178-JWL, 2024 WL 5135970, at *3 (D. Kan. Dec. 17, 2024).

In *Lopez*, the Supreme Court made it clear that, in issuing a policy by which it denies a sentence reduction if the offense involved the possession of a firearm, the BOP did not interpret the term "nonviolent offense." 531 U.S. at 235–36. Instead, it acted according to its discretion over whether to grant sentence reductions under the statute. As a result, there is no issue of statutory interpretation about the term "nonviolent offense" to which *Loper Bright*'s overturning of *Chevron* deference might matter. *See Lowmaster*, 2024 WL 5135970, at *3.

The Sixth Circuit has explained that a court's "duty remains the same: to 'independently interpret the statute and effectuate the will of Congress . . . by fixing the boundaries of the delegated authority,' even if those boundaries continue to provide the agency with considerable discretion." *United States v. Bricker*, 135 F.4th 427, 440–41 (6th Cir. 2025). Congress expressly designated discretionary authority in the statute, and *Loper Bright* has no effect on the Court's deference to the BOP's decisions. *See Jenkins v. Greene*, No. 1:25-CV-730, 2025 WL 2796766, at *3 (M.D. Pa. Sept. 29, 2025) ("*Lopez* controls this court's analysis and compels the conclusion that the BOP's categorical refusal to grant RDAP sentence reductions to inmates convicted of crimes involving firearms is valid"); *see Coffie v. Warden, FCI Cumberland*, No. CV DLB-24-2837, 2025 WL 2695716, at *8 (D. Md. Sept. 22, 2025) ("decision in *Lopez* remains the law" after *Loper Bright*).

Petitioner's arguments fail. For the reasons stated above, Petitioner is not entitled to relief under § 2241. The Court therefore **GRANTS** Respondent's Motion to Dismiss and **DISMISSES** the petition **WITH PREJUDICE**.

## APPELLATE ISSUES

Federal prisoners who file petitions under § 2241 challenging their federal custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1). *See Witham v. United*

*States*, 355 F.3d 501, 504 (6th Cir. 2004) (explaining that § 2253 "does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process").

A habeas petitioner seeking to appeal must pay the filing fee required by 28 U.S.C. §§ 1913 and 1917. To appeal in forma pauperis in a habeas case under § 2241, the petitioner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). But Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the petitioner must move to proceed in forma pauperis in the appellate court. *See* Fed. R. App. P. 24(a)(4)–(5).

For the reasons explained in the section above, the Court finds that any appeal would not be taken in good faith. The Court therefore **CERTIFIES** under Rule 24(a) that any appeal would not be taken in good faith and **DENIES** Petitioner leave to appeal in forma pauperis.

**SO ORDERED**, this 2nd day of September, 2026.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE